NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

WALTER F. ACKERMAN, PETITIONER, v. JACK HAYES,
TRADING AS LIBRARY LUNCH, RESPONDENT.

Injury to Employe of Lunch Wagon Caused From a Fall and
Resulting in Broken Ribs—There was Both Permanent and
Temporary Disability.

On determination and finding of facts and rule for judgment.

\*        \*        \*        \*        \*        \*        \*

1. That on November 6th, 1925, the petitioner was employed by the respondent at a weekly wage of $36, as a short-order cook, in and about his business of maintaining and operating a lunch wagon, and while so engaged in the course of his employment, and while carrying supplies from the storehouse adjacent thereto, petitioner fell and sustained injuries to his ribs and arm; that the respondent had knowledge of the occurrence thereof.

2. It appears from the testimony that the petitioner was treated by Dr. Ellis for injuries to the ribs and arm shortly after the accident, and strapped him about the chest on Sunday, November 8th, 1925. The physician at that time found the petitioner in terrific pain and treated him for broken ribs. The physician continued treating him for some time and approximately on November 20th, 1925, the petitioner still suffering from the injury sustained, and without funds or means of subsistence, applied to the respondent for employment, and that they did place him as watchman and short-order cook at one of their places of business at Clifton, New Jersey.

3. Then, due to the condition of the petitioner and to the quarrels between the petitioner and the respondent, the petitioner left his employ and was very irregularly employed from that time to the present day. I find as a matter of fact

30

that from all the testimony and from the injuries sustained by the petitioner as hereinafter set forth that the petitioner sustained temporary disability to the extent of ten weeks from the date of said accident.

4. From the testimony of all the physicians shows that the petitioner sustained pain and that he sustained injuries to his ribs.  Dr. Bassin testifies of complete fractures of the ninth and tenth ribs, and incomplete fractures of the seventh and eighth ribs.  Dr. Markins, on behalf of the respondent, testifies to the irregularity of the seventh, eighth, ninth and tenth ribs on the left side.

5. From all the testimony and from all the X-rays, I find as a matter of fact that the petitioner sustained a fracture of the ninth and tenth ribs, with an incomplete fracture of the seventh and eighth ribs, together with the resulting pleurisy, and I, therefore, find that the petitioner sustained total permanent disability of ten per cent. of the usefulness of his body for which the said petitioner is entitled to receive compensation for a period of fifty weeks at the rate of $17 per week.

\*      \*      \*      \*      \*      \*      \*

HARRY J. GOAS,
*Deputy Commissioner.*